**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiff and the Class*

*[Additional counsel on signature page].*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE MERRIAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., JOSEPH A. FERRARO, and IZILDA P. MARTINS,<br><br>Defendants. | No.: 2:25-cv-03332-MEF-CLW<br><br>**STIPULATION AND ▮▮▮▮ ORDER CONSOLIDATING ACTIONS, APPOINTING CO-LEAD PLAINTIFFS AND APPROVING CO-LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: July 21, 2025** |

[Additional caption on next page]

1

| | |
|---|---|
| BARRY O'CONNOR, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS BUDGET GROUP, INC., JOSEPH A. FERRARO, and IZILDA P. MARTINS,<br><br>Defendants. | No.: 2:25-cv-11943-MEF-CLW<br><br><u>CLASS ACTION</u> |

Lead Plaintiff Movants Barry O'Connor ("O'Connor") and the "Avis Budget Investor Group" (comprised of Shane Merriam, Aldo Ruberto, and David Legner) by and through their undersigned counsel, hereby stipulate as follows in support of their request for consolidation, appointment as Co-Lead Plaintiffs, and approval of their selection of Co-Lead Counsel:

WHEREAS, On April 25, 2025 and June 18, 2025, respectively, the above-captioned actions (the "Securities Class Actions") were commenced, alleging violations of the federal securities laws on behalf of a putative class consisting of investors in the securities of Avis Budget Group, Inc. ("Avis Budget") (*see Merriam v. Avis Budget Group, Inc. et al.,* 2:25-cv-03332-MEF-CLW, Dkt. No. 1, *O'Connor v. Avis Budget Group, Inc. et al.*, 2:25-cv-11943-MEF-CLW, Dkt. No. 1);

WHEREAS, as a putative class action alleging violations of the federal

securities laws, this Action is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which provides, in relevant part, that any putative Class member may move for appointment as Lead Plaintiff in the Action within 60 days of publication of notice of the pendency of the Action—here, on or before June 24, 2025 (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa));

WHEREAS, on June 24, 2025, O'Connor and the Avis Budget Investor Group filed timely, separate motions seeking consolidation of the related actions, appointment as lead plaintiff, and approval of their respective selections of lead counsel (the "Lead Plaintiff Motions") (Dkt. Nos. 9, 10);

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, the PSLRA provides, *inter alia*, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii));

WHEREAS, the PSLRA provides that, subject to the approval of the Court, the

most adequate plaintiff will select and retain counsel to represent the class (15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, O'Connor and the Avis Budget Investor Group have each provided sworn Certifications pursuant to the PSLRA in support of their respective applications for Lead Plaintiff appointment, setting forth, *inter alia*, their transactions in Avis Budget securities (*see* Dkt. Nos. 9-5, 10-3 (Exhibit C));

WHEREAS, O'Connor is an investor with over 20 years of investing experience and claims to have suffered $65,731.82 in losses as a result of Defendants' alleged wrongful conduct (*See* Dkt. No. 9-2 at 6, 9; Dkt No. 9-6);

WHEREAS, the Avis Budget Investor Group is comprised of experienced investors who claim to have collectively lost $54,155 (on a FIFO basis) as a result of Defendants' alleged wrongful conduct (*see* Dkt. No. 10-2 at 2, Dkt. No. 10-3 (Exhibits A, D));

WHEREAS, accordingly, O'Connor and the Avis Budget Investor Group have each alleged a significant financial interest in the outcome of this litigation;

WHEREAS, O'Connor and the Avis Budget Investor Group are also each qualified to serve as Lead Plaintiffs in this case given, among other things, their respective Lead Plaintiff Motion submissions (Dkt. Nos. 9, 10);

WHEREAS, having reviewed one another's submissions to the Court, O'Connor and the Avis Budget Investor Group believe that they each satisfy Rule

4

23's typicality and adequacy requirements;

WHEREAS, after reviewing each other's submissions to the Court, O'Connor and the Avis Budget Group—as the only movants in contention for appointment as Lead Plaintiff—have decided that it is in the best interests of the Class to join together as Co-Lead Plaintiffs and for their respective selections of The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") to serve as Co-Lead Counsel in that it will allow their counsel to pool their resources to immediately and efficiently commence prosecution of the consolidated action and avoid further delay associated with a protracted lead plaintiff dispute;

WHEREAS, O'Connor and the Avis Budget Investor Group are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the action efficiently, and avoid any duplication of effort in the conduct of the litigation;

WHEREAS, courts have endorsed stipulations among competing Lead Plaintiff movants, like here, as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that adequate resources and experience are available to the prospective class in the prosecution of th[e] action and because [e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Med., Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS, Dkt. No.

5

18 at 2-3 (S.D.N.Y. May 20, 2016) (internal quotation marks omitted) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *see also Deputy v. Akebia Therapeutics, Inc. et al.*, No. 1:22-cv-01411-AMD-VMS (E.D.N.Y.), ECF Order on June 28, 2022 (approving stipulation of competing lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); *In re Grab Holdings Ltd. Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y.), Dkt. No. 39 (same); *In re Altimmune, Inc. Sec. Litig.*, No. 8:24-cv-01315-ABA (D. Md.), Dkt. No. 22 (same); *Pizzuto v. Homology Meds., Inc.*, No. 2:22-cv-01968-FLA-JPR (C.D. Cal.), Dkt. No. 38 (same); *Maurer v. Argos Therapeutics Inc., et al.*, No. 1:17-cv-00216-TDS-LPA (M.D.N.C.), Dkt. No. 26 (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD, Dkt. No. 56 at 2-3 (N.D. Cal. Aug. 3, 2018) (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . . [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation"); *see also In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) ("A co-lead plaintiff structure best protects the interests of the class . . . and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." (collecting cases)); *see also In re Intel Corp. Sec. Litig.*, 3:24-cv-02683-TLT, Dkt. No. 54 at 5 (N.D. Cal. Sep. 18,

2024) (approving stipulation of co-lead plaintiffs and co-lead counsel and noting that "[g]iven the diversity of the Movants in terms of types of shares purchased and the time of purchase within the Class Period, the Court agrees that co-lead plaintiffs will serve the proposed class period better than a single lead plaintiff"); and

WHEREAS, Pomerantz and Rosen Law have successfully prosecuted similar securities class actions under the PSLRA as Co-Lead Counsel. *See, e.g., In re Blue Apron Holdings, Inc. Securities Litigation*, No. 17-cv-04846-NGG-PK (E.D.N.Y.); *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y.); *Whiteley, et al. v. Zynerba Pharmaceuticals, Inc., et al.*, No. 2:19-cv-04959-NIQA (E.D. Pa.); *Chan, et al., v. New Oriental Education & Technology Group Inc., et al.*, No. 2:16-cv-09279-KSH-CLW (D.N.J.); *Ortiz v. Canopy Growth Corp., et al.*, case no. 2:19-cv-20543-KM-ESK (D.N.J.); *Vataj v. Johnson, et al.*, No. 4:19-cv-06996-HSG (N.D. Cal.); *Thomas, et al., v. MagnaChip Semiconductor Corp., et al.*, No. 3:14-CV-01160-JST (N.D. Cal.); *Thorpe, et al., v. Walter Investment Management Corp.,* No. 1:14-cv-20880-UU (S.D. Fla.);

IT IS HEREBY STIPULATED AND AGREED THAT, subject to the Court's approval, as follows:

1. The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

## MASTER DOCKET AND CAPTION

2. The docket in Case No. 2:25-cv-03332-MEF-CLW shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------X

| IN RE AVIS BUDGET GROUP, INC. SECURITIES LITIGATION, | Master File No. 2:25-cv-033332-MEF-CLW |
|---|---|

-----------------------------------------------X
This Document Relates To:

4. The file in civil action no. 2:25-cv-03332-MEF-CLW shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. All actions subsequently filed in, or transferred to, this District that relate to the same subject matter as in this Action shall be consolidated into this

8

Action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6. O'Connor and the Avis Budget Investor Group's respective Lead Plaintiff Motions (Dkt. Nos. 9, 10) are granted and O'Connor and the Avis Budget Investor Group are hereby appointed Co-Lead Plaintiffs in this Action and any subsequently filed or transferred actions that are consolidated with this Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

7. Co-Lead Plaintiffs' selections of Pomerantz and Rosen Law as Co-Lead Counsel are hereby approved.

**IT IS SO STIPULATED.**

Executed: July 7, 2025

**THE ROSEN LAW FIRM, P.A.**
s/ Laurence M. Rosen
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Movant Barry O'Connor and Proposed Co-Lead Counsel for the Class*

**POMERANTZ LLP**
s/ Thomas H. Przybylowski

>Thomas H. Przybylowski
>Jeremy A. Lieberman
>(*pro hac vice* application forthcoming)
>J. Alexander Hood II
>(*pro hac vice* application forthcoming)
>600 Third Avenue, 20th Floor
>New York, New York 10016
>Telephone: (212) 661-1100
>Facsimile: (917) 463-1044
>Emails: tprzybylowski@pomlaw.com
>jalieberman@pomlaw.com
>ahood@pomlaw.com
>
>*Counsel for Movant Avis Budget Investor Group and Proposed Co-Lead Counsel for the Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: <u>August 11, 2025</u>                   *s/ Cathy L. Waldor*
                                                                    Hon. Cathy L. Waldor
                                                                    United States Magistrate Judge